# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NOAH SAMUELS, JR.,**

    **Petitioner,**

**v.**                                                          **Criminal action no. 1:03CR32**
                                                                       **Civil action no.  1:05CV11**
                                                                       **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION/OPINION

## I. PROCEDURAL HISTORY

On January 19, 2005, the *pro se* petitioner filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. By Order entered on February 18, 2005, the Court ordered the respondent to answer the motion. On June 14, 2005, the respondent filed United States' Response to Petitioner's Motion Under 28 USC 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.

This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.15, is ripe for review.

### A. Conviction and Sentence

The petitioner pled guilty to aiding and abetting the distribution of cocaine base. The plea agreement contained a waiver of the right to appeal or collaterally attack his conviction. Specifically, the waiver provision provided as follows:

> Mr. Samuels in aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was

determined) on grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collaterally attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The United States waives its right to appeal the sentence. The parties have the right during any appeal to argue in support of the sentence.

On January 16, 2004, the petitioner entered his plea in open court. By Order entered on January 20, 2004, the Court ordered that the plea agreement be filed. In its Order, the Court noted that the defendant stated that he fully understood and agreed with the terms of the plea agreement. The Court further reviewed all the rights the petitioner was giving up and specifically noted the waiver provision of the plea agreement. The defendant stated he understood all his rights and that he was giving them up.

On May 20, 2004, the Court sentenced the petitioner to 41 months imprisonment. The petitioner did not appeal his conviction and sentence.[1]

**B. Federal Habeas Corpus**

In his §2255 motion, the petitioner raises one ground: that his sentence was too long because his criminal history was misrepresented. The respondent asserts that the §2255 motion should be dismissed because the petitioner waived his right to appeal and to collaterally attack his sentence.

## II. ANALYSIS

The undersigned first addresses the effect of the waiver contained in the plea agreement. For years, the Fourth Circuit has held that waiver of appellate rights in a plea agreement is valid as long

---

[1] The petitioner states in his §2255 motion that he asked his lawyer to file an appeal but he did not do so. The petitioner did not raise this as a separate issue but made the statement in regard to the questions asked in the §2255 form regarding an appeal. The petitioner later states that he wrote his attorney and "he asked that I get another public defender to do the appeal, for he is no longer my attorney."

as it is knowing and voluntary. See United States v. Attar, 38 F.3d 727 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995). Recently, in United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit held that it saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights.[2] Thus, the Fourth Circuit held that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. The Fourth Circuit also noted that it has allowed a "narrow class of claims" to be raised by a defendant on direct appeal despite a general waiver of appellate rights.

Specifically, the Fourth Circuit noted that pursuant to United States v. Marin, 961 F.2d 493 (4th Cir.1992) "'a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race'" and that pursuant to United States v. Attar, 38 F.3d 727, 732 (4th Cir.1994) "a general waiver of appellate rights could not be construed to bar a defendant from raising a claim that he had been wholly deprived of counsel during his sentencing proceedings." Id. at 220, n. 2. However, because Lemaster did not argue that his claims fell within

---

[2]In Lemaster, the Fourth Circuit stated that "[l]iberally construed, Lemaster's petition alleged, inter alia, that his guilty plea, and thus his waiver of collateral-attack rights, was unknowing and involuntary because (1) his counsel's initial explanation of the proposed plea agreement differed substantially from the final version of the plea agreement and that his counsel failed to explain the changes to him; (2) his counsel failed to inform him, or misinformed him, of the potential punishment that he faced under the plea agreement; and (3) Lemaster was threatened that he would be denied adequate medical care unless he pleaded guilty." United States v. Lemaster, 403 F.3d 216, 219 (4th Cir. 2005).

Lemaster also raised the following claims which were unrelated to the voluntariness of his plea or the waiver of his right to collaterally attack his sentence: "his counsel was constitutionally ineffective in the following respects: (1) counsel failed to provide Lemaster with a copy of the presentencing report; (2) counsel failed to object to the presentencing report as directed by Lemaster; (3) counsel failed to request a downward departure based on Lemaster's diminished capacity; (4) counsel failed to request a downward departure based on Lemaster's deteriorating medical condition; and (5) counsel ignored Lemaster's correspondence." Id.

3

one of these exceptions, the Fourth Circuit did not address whether a court should address similar claims in a §2255 motion despite a waiver of the right to file a collateral attack. Nonetheless, the Fourth Circuit reiterated that it saw no reason to treat waivers of collateral attack rights different than waivers of direct appeal rights. Id.

In Lemaster, the Fourth Circuit found that the petitioner's claims regarding the involuntariness of his plea was contradicted by his statements made during the Rule 11 hearing. Thus, the Fourth Circuit found that the plea and waiver were knowing and voluntary and affirmed the district court's dismissal of Lemaster's §2255 motion based on his waiver of his rights to collaterally attack his sentence.

In determining whether a waiver is "knowing and intelligent, the court must review "the particular facts and circumstances surrounding [the] case, including the background, experience and conduct of the accused." United States v. Davis, 954 F.2d 182,186 (4th Cir. 1992) (quoting Johnson v. Zerbst, 304 U.S. 458 (1938)). A waiver is valid if the district court fully questioned the defendant about the waiver during a hearing that meets all the requirements of Rule 11 of the Federal Rules of Civil Procedure. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir.1991).

A defendant's statement that his plea is voluntary and knowing is generally considered conclusive on these issues. Savino v. Murray, 82 F.3d 593, 603 (4th Cir. 1996). "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992), cert. denied, 506 U.S. 885 (1992). A defendant's statements at the plea hearing are "strong evidence" of the voluntariness of the plea agreement. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992).

In the instant case, the Court's January 20, 2004 order specifically states that the petitioner was advised that he was waiving his right to collaterally attack his sentence and that he understood he was giving up that right. Further, the petitioner never asserts that his waiver was involuntary or unknowing. Thus, the undersigned finds that the petitioner's waiver is knowing and voluntary . The undersigned must next determine whether the petitioner's claims fall within the waiver. The petitioner's claim that his sentence was too long because his criminal history was misrepresented is clearly barred by the waiver.

With regard to the petitioner's allegation that he requested his attorney file an appeal, the undersigned finds that such claim is also barred by the waiver. The Fourth Circuit specifically noted in <u>Lemaster</u>, that only in very narrow circumstances would a claim not be barred by a voluntary waiver. The Fourth Circuit never indicated that a claim of ineffective assistance of counsel for failure to file an appeal that had been waived, would not be barred by the waiver of the right to collaterally attack. The undersigned's conclusion is supported by <u>Shoemaker v. United States</u>, 2005 WL 2217045 (W.D. Va. 2005).

In <u>Shoemaker</u>, the petitioner filed a §2255 motion.[3] The Court noted that Shoemaker's plea agreement contained a waiver of his rights to appeal and collaterally attack his sentence. The court conducted a plea hearing in accordance with Rule 11 of the Federal Rules of Criminal Procedure and established that Shoemaker understood he was giving up his rights to appeal and collaterally attack

---

[3] The petitioner raised the following claims: 1) Petitioner was illegally sentenced above the 500 gram threshold in violation of his Constitutional rights; 2) Petitioner's attorney was ineffective in that he failed to file a notice of appeal relevant to the United States Supreme Court's ruling in <u>Blakely v. Washington</u>, that as the actual drug weight was not determined by a jury he should not have been sentenced for having a drug weight of more than 500 grams; and 3) Petitioner's attorney was ineffective in that he failed to object to drug quantity, failed to object to false facts, and provided petitioner with incompetent legal advice. <u>Shoemaker v. United States</u>, 2005 WL 2217045 (W.D. Va. 2005).

his sentence. The court found that Shoemaker's representations at the plea colloquy supported a finding that the waivers in the plea agreement were knowingly and voluntarily made. Thus, the court found that Shoemaker's waiver of his right to bring a collateral attack under 28 U.S.C. § 2255 was valid and enforceable. The court further found that Shoemaker's claims were barred by the waiver.

In the instant case, there is absolutely nothing in the record, or the §2255 motion which reveals the petitioner's waiver was involuntary. Consequently, the waiver bars the instant motion in its entirety.

### III. MOTION FOR APPOINTMENT OF COUNSEL

The same day the petitioner filed his §2255 motion, he filed a motion for appointment of counsel in which he requested a hearing and stated he wanted an attorney to represent him on appeal to raise a claim under Blakely v. Washington, 530 U.S. 466 (2004).

First, this matter does not need an evidentiary hearing. 28 U.S.C. §2255 provides in pertinent part as follows:

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

See also United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000).

Thus, if it is clear from the pleadings and the files and records that the movant is entitled to no relief, a hearing is not necessary. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Based on the information before the Court, it is clear that an evidentiary hearing is not required.

Further, the petitioner's Motion for Counsel could be construed as an attempt to raise a

6

Blakely claim.[4] However, such claim is waived. See, United States v. Blick, 408 F. 3d 162 (4th Cir. 2005). Even if it were not waived, Blakely, now Booker, does not apply retroactively to §2255 motions when the judgment became final as of the date the Supreme Court issued Booker. See Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 400 F. 3d 844 (10th Cir. 2005); Never Misses a Shot v. United States, 413 F. 3d 781 (8th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States, 398 F. 3d 855 (6th Cir. 2005); Lloyd v. United States, 407 F. 3d 608 (3d Cir. 2005); Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005).

Because the petitioner's conviction became final prior to the issuance of the Booker decision, in accordance with the just mentioned decisions, the undersigned finds that the petitioner is not entitled to have Booker applied retroactively to his sentence.

Finally, the authority for the Court to appoint counsel in a § 2255 action is discretionary and there is no Constitutional right to have appointed counsel in post conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551 (1987).

A Court may appoint counsel to a financially eligible person if justice so requires in a §2255 action. See 28 U.S.C. §2255; 18 U.S.C. §3006A. Appointment of counsel for a petitioner who

---

[4]Blakely v. Washington, 542 U.S. 296 (2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority."
Recently, the Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005). Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

qualifies for the appointment of counsel under 18 U.S.C. §3006A, is only required in a §2255 action when necessary for utilization of discovery procedures and when an evidentiary hearing is required. See Rules 6(a) and 8(c) of the Rules Governing Section 2255 cases in the United States District Courts.

Upon review of the file, the undersigned concludes that the issues in this matter are not complex, that this matter does not require discovery or an evidentiary hearing, and that the petitioner has not demonstrated circumstances which demonstrate the need for appointment of counsel. Accordingly, the petitioner's motion for appointment of counsel should be denied.

## IV. **RECOMMENDATION**

For the reasons stated herein, it is accordingly recommended that the Court enter an Order denying the petitioner's §2255 motion and his motion for counsel, and dismissing the case with prejudice from the docket of the Court.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner

and the United States Attorney for the Northern District of West Virginia.

Dated: September 28, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE