FILED

OCT 1 9 2005

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NOAH SAMUELS, JR,

    Petitioner,

v.

    Civil action no. 1:05cv11
    Criminal action no. 1:03cr32
    (Judge Keeley)

UNITED STATES OF AMERICA,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 19, 2005, pro se petitioner Noah Samuels, Jr. filed a motion pursuant to 28 U.S.C. §2255 to vacate, set aside or correct his sentence. On the same day, the petitioner also filed a motion for appointment of counsel. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.15.

On February 18, 2005, the magistrate judge ordered the respondent to answer the motion. On June 14, 2005, the respondent filed United States' Response to Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. In its response, the Government asserted that in paragraph 10 of his plea agreement, Samuels waived his appellate rights both on direct appeal and collateral attacks under 18 U.S.C.

§2255. Specifically, paragraph 10 of Samuels' plea agreement states:

> Mr. Samuels in aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collaterally attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The United States waives its right to appeal the sentence. The parties have the right during any appeal to argue in support of the sentence.

Therefore, the Government stated that the petitioner's §2255 motion should be denied.

On September 29, 2005, Magistrate Judge Kaull issued a Report and Recommendation recommending that the Court deny both the petitioner's §2255 motion and motion for appointment of counsel. The magistrate judge found that Samuels' §2255 motion should be denied because the petitioner voluntarily and knowingly waived his right to appeal and to collaterally attack his sentence when he executed the plea agreement and subsequently entered his guilty plea before this Court. The petitioner has also waived his right to

assert a claim under Blakely v. Washington, 542 U.S. 296 (2004), and the present §2255 motion is not complex and does not require discovery or an evidentiary hearing. Therefore, Magistrate Judge Kaull found that the petitioner failed to demonstrate the need for appointment of counsel.

The Report and Recommendation specifically warned Samuels that his failure to object to Magistrate Judge Kaull's recommendation would result in the waiver of his right to appeal from a judgment of this Court based upon the magistrate judge's recommendation. Nevertheless, Samuels has not filed any objections.[1]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety and **ORDERS** Samuels' case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the petitioner.

Dated: October  19  , 2005.

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Samuels' failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).